**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THI THU THAO NGUYEN, | No. 19-72390 |
| Petitioner, | Agency No. A213-080-990 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2021[**]
Pasadena, California

Before: GRABER, MILLER, and LEE, Circuit Judges.

Thi Thu Thao Nguyen, a native and citizen of Vietnam, seeks review of the

Board of Immigration Appeals' (BIA) order affirming the denial of her application

for asylum, withholding of removal, and protection under the Convention Against

Torture (CAT). Nguyen contends that she fears being targeted for violence by police

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

officers because of her participation in environmental protests in Vietnam against a steel plant responsible for a toxic spill. The immigration judge (IJ) found Nguyen not credible, and the BIA upheld that adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in part and deny it in part.

1.      Substantial evidence supports only a single ground for the IJ's adverse credibility determination. The IJ cited six factors in determining that Nguyen was not credible, and the BIA then relied on four of those factors in affirming the IJ's adverse credibility determination. Reviewing for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), we hold that the record supports only a single factor: the inconsistency between (i) Nguyen's testimony that she protested the continued operation of and polluting by the steel plant, and (ii) documentary evidence showing that the steel plant was not in operation at that time and that the Vietnamese government had already found the company liable for the spill. Even minor inconsistencies can weigh against an applicant's credibility. *Shrestha*, 590 F.3d at 1044.

This court, however, has recently clarified that adverse credibility determinations "must be reviewed[] based on the 'totality of the circumstances and all relevant factors,' not a single factor." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). We thus remand the

2

asylum and withholding claims to the BIA for reconsideration in light of the "totality of the circumstances[] and all relevant factors." *Id.* at 1135 (emphasis omitted) (citation omitted).

2.    Substantial evidence supports the BIA's denial of Nguyen's claim for CAT relief.  The BIA reasonably concluded that, putting aside her "incredible claim of past harm," her allegations still would not rise to the level of torture.  Moreover, the other evidence in the record, including the country conditions evidence and the police summons, do not necessarily compel the conclusion that Nguyen will "more likely than not" be tortured by or with the consent of the Vietnamese government. *Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (citation omitted). The BIA also properly relied on the IJ's finding that Nguyen could avoid future harm by relocating to other areas of Vietnam, especially areas not affected by the Formosa plant pollution incident.  For these reasons, we deny Nguyen's petition as to her CAT claim.

**PETITION FOR REVIEW GRANTED IN PART; DENIED IN PART; REMANDED. Each party shall bear its own costs on appeal.**